UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------------X
NADINE WEINGARTEN,

                Plaintiff(s),

   -against-

TRANS CONTINENTAL CREDIT
AND COLLECTION CORP.,

                Defendant(s).
---------------------------------------------------------------X

Civil Action No.:

**CLASS ACTION COMPLAINT**

**DEMAND FOR JURY TRIAL**

     Plaintiff NADINE WEINGARTEN ("Plaintiff"), by and through her attorneys, M. Harvey Rephen & Associates, P.C., as and for its Complaint against the Defendant, TRANS CONTINENTAL CREDIT AND COLLECTION CORP., hereinafter referred to as Defendant(s)", respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

    1.    Plaintiff brings this action on her own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and New York General Business Law §349 prohibiting unfair and deceptive practices.

## PARTIES

    2.    Plaintiff is a resident of the State of Connecticut, with a residence at 399 Cascade Rd., Stamford, CT 06903.

    3.    Defendant is TRANS CONTINENTAL CREDIT AND COLLECTION CORP. is a New York corporation engaged in business of collecting debts with its principal place of

business located in White Plains, New York.

4. Defendant is a "debt collector" as the phrase is defined and used in the FDCPA under 15 USC §1692a (6).

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this matter pursuant to 28 USC §1331, as well as 15 USC §1692 et seq. and 28 U.S.C. §2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## ALLEGATIONS FOR CLASS ACTION

7. Plaintiff brings this action as a class action, pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 23 on behalf of himself and all persons/consumers, along with their successors in interest, who have received similar debt collection notices and/or letters/communications from the Defendant which, as alleged herein, are in violation of the FDCPA, as of the date of Plaintiff's Complaint (the "Class"). Excluded from the Class is the Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of the Defendant.

8. This Class satisfies all the requirements of FRCP Rule 23 for maintaining a class action.

9. The Class is so numerous that joinder of all members is impracticable. Upon information and belief, hundreds of persons have received debt collection notices and/or letters/communications from the Defendant which violates various provisions of the FDCPA.

10. The debt collection notices and/or letters/communications from the Defendant, received by the Class, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer".

11. There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation: (i) Whether the Defendant violated various provisions of the FDCPA; (ii) Whether Plaintiff and the Class have been injured by the Defendant's conduct; (c) Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and, (iv) Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

12. Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

13. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA as codified by 15 USC §1692(k).

14. The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

15. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

16. Plaintiff will fairly and adequately represent the Class members' interests in that the Plaintiff's counsel is experienced and, further, anticipates that no impediments in the pursuit and maintenance of the class action as sought herein.

## **FACTUAL ALLEGATIONS**

17. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "16" herein with the same force and effect as if the same were set forth at length herein.

18. On information and belief, Defendant, on behalf of a third-party, began collecting an alleged consumer debt from the Plaintiff.

19. The Defendant sent the Plaintiff a collections letter stating: "This is your last chance to clear this debt while it is still with our agency."

20. On March 5, 2013, the Defendant sent the Plaintiff another collections letter which contradicted what was said above in the first letter. The second letter states: "Should we not receive payment from this demand, we will have no alternative but to have our Collection Supervisor review this account for recommendation as to our next step in the collections process".

21. Therefore, the statement in the first collection letter from the Defendant was false, deceptive and misleading as indicated by what was said in the second letter.

The second communication proves that the first communication was not the last time to resolve the debt.

## FIRST CAUSE OF ACTION
### *(Violations of the FDCPA)*

22.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "21" herein with the same force and effect as if the same were set forth at length herein.

23.     The Defendant violated 15 USC §1692e – preface prohibits a debt collector from using any false, deceptive or misleading statements in connection with the collection of a debt.

24.     The Defendant violated 15 USC §1692e – preface by sending two collection letters with contradictory, false and untrue statements to the Plaintiff.  The first stated that it was the last chance for the Plaintiff to resolve the settlement with the Defendant and the second said they were reviewing it to make a further determination.

25.     As a result of Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## DEMAND FOR TRIAL BY JURY

26.     Plaintiff NADINE WEINGARTEN hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff NADINE WEINGARTEN demands judgment from the Defendants TRANS CONTINENTAL CREDIT AND COLLECTION CORP. :as follows:

      A.     For actual damages provided and pursuant to 15 USC §1692k(a)(1);

   B. For statutory damages provided and pursuant to 15 USC §1692k(2)(A);

   C. For statutory damages provided and pursuant to 15 USC §1692k(2)(B);

   D. For attorneys' fees and costs provided and pursuant to 15 USC §1692k(a)(3)

   E. A declaration that the Defendant's practices violated the FDCPA;

   F. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated: New York, New York
    February 28. 2014

      Respectfully submitted,

       /s/ Daniel G. Ruggiero

      By: _____
      Daniel G. Ruggiero, Esq. (Juris # 427574)
      M. HARVEY REPHEN & ASSOCIATES, P.C.
      708 Third Avenue, 6th Floor
      New York, New York 10017
      Phone: (212) 796-0930
      Facsimile: (212) 330-7582

*Attorney for the Plaintiff Nadine Weingarten and The Class*